In Re Wanton Rouse. Appeal from refusal to grant Patent.

Filing a second application after interference—status of.—The filing of a second application by the defeated party to an interference is in effect an effort to have the decision reviewed and reversed upon a rehearing or new trial of the first case; and from the refusal of the Commissioner to

declare a new interference thereon between the same parties no appeal lies to the judge.

REHEARING—NEW TRIALS—NOT APPEALABLE.—Motions to rehear in chancery and for new trials at law are motions addressed to the discretion of the court, from the refusal to grant which there lies no appeal.

SECTION 8, ACT OF 1836, CONSTRUED.—There is nothing in section 8 of the act of 1836 which makes it imperative upon the Commissioner to declare as many interferences between the same parties as the defeated party may seek by filing successive applications. The words of the law are satisfied by giving one trial between the same parties upon the same subject-matter.

ONE TRIAL ONLY. BY LAW AS A RIGHT OF CAUSE.—One full, fair, and impartial trial between the same parties and for the same matter of controversy is all that any citizen can claim under this statute or any other law known or practiced by the courts of this country.

SM—NEW TRIAL UPON MOTION—DISCRETION OF TRIBUNAL.—If such a trial has . not been had, the remedy is by rehearing or new trial, or some equivalent proceeding in the tribunal when the first trial took place. The sound discretion of that tribunal must be invoked ; and from its refusal to interfere there is no appeal.

SM—POWER OF COMMISSIONER.—The Commissioner of Patents, up to the moment of issuing the patent, has the discretion to rehear a case before decided by him, and ought to do so until his mind is convinced that the patent is to issue to the true inventor.

SM—SM.—His discretion ought to be governed by the rules of law; and I know no better guide for him than the rules and principles applicable in courts of justice in cases of rehearings and new trials.

The present case distinguished from Matthews *v.* Wade (*ante* p. 143).

(Before DUNLOP, J., District of Columbia, February, 1854.)

DUNLOP, J.

In the matter of the appeal of Wanton Rouse from the decision of the Commissioner of Patents of the 17th May, 1852, refusing to declare a second interference between said Rouse and George H. Dodge, and to grant a patent to said Rouse for alleged improvements in machines for spinning cotton.

The identity of the invention and its patentable character were not disputed in the cases of interference between Rouse and Gambrill and Rouse and Dodge.

The whole controversy between said parties in both cases was, who was the first inventor.

The interference between Rouse and Gambrill, after due notice and a hearing, was decided by the Commissioner on the first

Monday of August, 1851, in favor of Rouse, and the third Monday of September limited for Gambrill's appeal. No appeal was taken by Gambrill; and on the 17th September, 1851, an interference was declared by the Commissioner between Rouse and George H. Dodge. After notice and a hearing between said last-mentioned parties, on the first Monday of December, 1851, priority of invention was awarded by the Commissioner in favor of Dodge, and the limit of appeal to Rouse fixed for the fourth Monday of December, 1851. Rouse prosecuted no appeal, but sought relief in equity in the Circuit Court of this District, where his bill in equity was dismissed on demurrer as to Commissioner Ewbank. Rouse thereupon abandoned his original proceeding against Dodge, and on the 8th May, 1852, without the leave of the Commissioner, made a new application. Upon this application the Commissioner refused to declare a new interference, for the reasons stated in his decision of date the 17th May, 1852. From this refusal this appeal is taken, which I am now to decide. The merits of the first controversy between Rouse and Dodge are not before me. No appeal was taken by Rouse from the decision of the Commissioner of the first Monday of December, 1851, and I cannot now review it.

The last application of the 8th of May, 1852, is in substance and effect an effort by Rouse to have that decision reviewed and reversed by the Commissioner upon a rehearing or new trial of the first case, and the refusal of the Commissioner on the 17th of May, 1852, to rehear or retry that case upon the old and additional proofs, is the only question presented to me open to my decision upon the six reasons of appeal.

Is this refusal of the Commissioner ground of error for which he may be reversed on appeal?

Motions to rehear in chancery and for new trials at law are motions addressed to the discretion of the court, from the refusal to grant which there is no appeal. In relation to new trials, the principle is so familiar I need cite no authority. As to rehearings in chancery, I refer to 14th Howard's Supreme Court Reports, page 2, the case of Wylie v. Coxe. Chief Justice Taney in that case says emphatically: "In relation to the order, it is plain no appeal will lie from the refusal of a motion to open the decree and grant a rehearing. The decision of such a motion rests in

the sound discretion of the court below, and no appeal will lie from it."

The learned counsel for Rouse insists that this second application is neither a motion to rehear nor for a new trial, but is a second trial between the same parties, on the same issues and for the same subject-matter, secured to him by the sixth section of the act of the 4th of July, 1836. He also insists that his right to it rests on judicial authority and the practice of the Office.

1st. As to the statutes, the words of the eighth section relied on are, "That whenever an application shall be made for a patent which in the opinion of the Commissioner would interfere with any other patent for which an application may be pending, or with any unexpired patent which shall have been granted, it shall be the duty of the Commissioner to give notice thereof to such applicants or patentees, as the case may be; and if either shall be dissatisfied with the decision of the Commissioner on the question of priority of right or invention on a hearing thereof, he may appeal from such decision," &c.

Under this statute the counsel for Rouse contends that "the duty upon the Commissioner is imperative" to declare as many interferences and to grant as many hearings between the same parties upon the same issues as the applicant may seek after adverse decisions on his claims. "There is no exception whatever; none covering the case of a former decision of an interference."

This construction is surely untenable, and cannot be maintained. The words of the statute are satisfied by giving to the applicant one trial between the same parties upon the same subject-matter. The construction set up is unreasonable; and with an obstinate applicant who would not appeal, the statute could not be executed. The time of the Commissioner would be consumed in interminable hearings, and the first inventor never reap the reward of his genius and labors in the grant of a patent. Such a construction is against the analogies of the law. One full and fair and impartial trial between the same parties and for the same matter of controversy is all that any citizen can claim under this statute or any other law known and practiced by the courts of this country. If from surprise or accident or fraud or new-

Opinion of the court.

discovered proof, or any other legal cause, a fair and full trial has not been had, the remedy is by rehearing or new trial, or some equivalent proceeding in the tribunal where the first trial took place. The sound discretion of that tribunal must be invoked, and from its refusal to interpose there is no appeal.

The counsel of Rouse also rests his right to the second trial upon judicial authority and the practice of the Patent Office. He relies upon the opinion of Attorney-General Johnson, concurred in by Judge Cranch, in the case of Matthews *v.* Wade (*ante*, p. 143).

Wade and Matthews were conflicting claimants for a patent for applying rosin oil in the manufacture of printing-ink. The facts were these: In 1848 Wade applied for a patent, but before it was issued a like application was made by Matthews. An interference was declared and notice given the parties, as required in such cases. Neither party being present on the day fixed, and no evidence received, the then Commissioner, Mr. Burke, decided the priority of invention in favor of Wade, because of the priority of his application, and notice was given Matthews that unless he appealed from the decision by a limited day a patent would be issued accordingly. An appeal was not taken, but before the time limited for taking it Matthews withdrew his application, received back his deposit, and, with the leave of the Commissioner, filed a new application in the words of the first. Upon this application a second interference, in the discretion of the Commissioner, was declared, and upon trial, after notice, priority of invention was awarded to Matthews. Upon appeal, the former trial was set up by Wade as a bar, but overruled by Judge Cranch, who concurred with Attorney-General Johnson, and affirmed the Commissioner.

The material difference between the case of Matthews *v.* Wade and the case now before me is, that in the former case the Commissioner of Patents, in the exercise of his discretion, thought it right that Matthews, whose first application had been tried in the absence of his testimony—the proof being on the way, but not having reached Washington in time for the trial—should have another hearing; and he allowed it to him in the form of permitting a withdrawal of the first and the filing a second application, equivalent in effect to a rehearing or retrial of the first

application. In the present case the Commissioner, in the exercise of his discretionary power, refused to Rouse the withdrawal of the first and the filing his second application, and refused to declare a new interference between him and Dodge, and in effect refused to give him another hearing.

Attorney-General Johnson plainly lays it down in his opinion that the granting a new application and declaring a new interference after a prior decision between the same parties on the same matter in controversy is entirely subject to the control and legal discretion of the Commissioner; and Chief Justice Cranch concurs with him. The Attorney-General says : " Nor do I see that the inconvenience or injustice supposed by the counsel of Wade to result from this construction will ensue. It is thought that by allowing the course adopted in this instance the controversy can never be brought to a close. But this is not so. The Commissioner has control of the whole matter. When satisfied of the title, he will issue the patent; and it is his duty to issue it. The permission to withdraw an application in such case will be granted or not as the Commissioner may be satisfied or not. It is no answer to this to say that it leaves the rights of parties to depend upon the discretion of the officer, and not upon the law. His discretion is not a loose and undefined one, which he may use in each case merely as he wills or desires. It is a legal discretion, or rather a judgment founded upon the law, and only to be exercised where the law demands it."

These views of the Attorney-General, agreed to by Chief Justice Cranch, are in entire harmony with those herein expressed by me. In a contest as to priority of invention I agree with the Attorney-General and Mr. Ewbank, following his opinion, that the Commissioner of Patents, up to the moment of issuing the patent, has the discretion to rehear a case before decided by him, and ought to do so till his mind is convinced as to the true inventor, to whom alone the patent ought to be issued. But when he is so satisfied, and in his discretion refuses a new application, or to declare a new interference, or to grant a rehearing, no appeal lies from that refusal.

His discretion ought to be governed by the rules of law. And I know no better guide for him than the rules and principles applicable in courts of justice in cases of rehearing and new

trials. In the exercise of that discretion he cannot be controlled by appeal.

Upon the whole, I am satisfied that the case presented to me on this appeal is not subject to review or reversal by me, and I therefore order and adjudge the appeal of Wanton Rouse to be dismissed for the want of jurisdiction.

*J. Dennis, Jr.,* and *R. H. Gillet,* for the appellant.